ROBERT H. BELDEN : NO. 8,499

versus : COURT OF APPEAL

HERBERT F. JONES, ET ALS., : PARISH OF ORLEANS

WILLIAM A. BELL, JUDGE:

COURT OF APPEAL
PARISH OF ORLEANS
FILED 13/22

BY: WILLIAM A. BELL, JUDGE.

*ZOA.B.*

*M. O.*

This is a suit brought by plaintiff against two defendants, one of the defendants being the proprietor of the Hotel Astor, in New Orleans, and the other defendant being the clerk of this hotel. The Court below rendered judgment for defendant, dismissing plaintiff's petition, and from the facts found in the record after careful reading of the testimony, we are of the opinion that the trial judge was correct in dismissing this suit.

It is not necessary to discuss the evidence in this case exhaustively. It is sufficient to note that the Hotel Astor, like other well-conducted hotels, operated under an important rule, to the effect that rooms occupied by men on the one hand, or women on the other hand, could not be visited by those of the opposite sex.

On January 4, 1921, the plaintiff was engaged in a vaudeville act at the Orpheum Theatre, in New Orleans, during the week beginning January 3, 1921. In this vaudeville act, two young ladies were acting with the plaintiff. All claim to have known each other for several years, and were good friends. The young ladies were stopping at the Astor Hotel in Royal St. When they applied for a room in this Hotel, the proprietor, Jones, informed them of the rule above referred to, and cautioned them against its violation. On January 4, 1921, plaintiff called at the Astor Hotel, where the young ladies were stopping, at about the hour of six o'clock p. m., for the purpose of taking them to dinner at the Elks' Club in this city. He applied at the clerk's desk, to Mr. Richardson, asking if the young ladies were in. The clerk requested him to be seated in the lobby. or first floor of the Hotel, and advised the young ladies that plaintiff awaited them down stairs. They requested the clerk to inform plaintiff that they would be down in a short while. It appears, however, that in a few moments one of the young ladies, called from the fifth floor, where their room was located, down the stairway to the

188

plaintiff, inviting him to come up stairs, saying they were writing a letter, and asked him to come up and wait for them in their room. This invitation was accepted by the plaintiff, and as soon as the clerk, Mr. Richardson learned of it, he made immediate demand over the telephone, upon one of the young ladies answering it, saying that the rule of the Hotel was being violated, and that plaintiff must return to the Hotel lobby at once. He was advised that they were leaving in a few moments, and would be down, and the clerk on failing to get results from the peremptory orders made in compliance with the rule, immediately called at the room occupied by the ladies, and upon knocking, the door was opened, and he advised all of them that plaintiff would have to leave the room at once. It appears that they were all dressed, ready to leave the room, one of the ladies having her hat off while she was writing a letter. Mr. Richardson, the clerk, remonstrated with plaintiff, saying he had given him two or three opportunities to leave the room, and plaintiff in his own testimony says that he did not comply with the clerk's request, but tried to reason with him that he was doing nothing wrong.

It appears that upon refusal of the plaintiff to leave the room, Richardson undertook with physical effort to eject him from the room, and an altercation arose between them, in which the plaintiff claims to have been struck by the clerk, Richardson.   The elevator boy, who conducted the plaintiff to the ladies' room and who was called upon by Richardson to assist in ejecting the plaintiff from the room, clearly states that he heard the clerk give instructions to the parties answering the phone in the ladies' room, directing that the plaintiff should return to the lower floor, and that this demand was made two or three times, that he took Richardson finally to the room, and that he heard him knock on the door, and enter, and afterwards heard the altercation between plaintiff and the clerk.   The proprietor of the Hotel is not contradicted in any way concerning the notice of the rule which was given to the occupants of the room, as well as to the plaintiff by the clerk, and it is plain

from the evidence that there was decided refusal on the part of the plaintiff or his friends, who were guests of the Hotel, to comply with the rule. It appears that the clerk, Richardson, finally called in police officers to forcibly eject plaintiff from the Hotel, and that in stating to the officer the cause of the complaint, again there was a heated discussion between plaintiff and the clerk, resulting in a fight between these parties, and causing disturbance to other occupants of the Hotel. Both the plaintiff and the clerk were arrested for disturbing the peace, and tried before the Night Court for this offence, with the result that plaintiff was released and the clerk fined five dollars. This fact does not, however, in the light of the circumstances, give plaintiff any cause of action against the defendants, for he was wholly to blame in violating the rule of the Hotel, and particularly in persisting in this violation after repeated requests to comply with the rule. There is nothing in this case that justifies the relief sought for by the plaintiff.

JUDGMENT AFFIRMED.